THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FLAT EARTH EXCAVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY d/b/a LIBERTY MUTUAL INSURANCE,<br><br>Defendant. | CASE NO. C21-0680-JCC<br><br>ORDER |

    This matter comes before the Court on Plaintiff Flat Earth Excavation, LLC's motion for voluntary dismissal (Dkt. No. 15) and Defendant Liberty Mutual's motion for summary judgment (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion (Dkt. No. 15) and DENIES Defendant's motion (Dkt. No. 10) for the reasons explained below.

    Defendant provided commercial property insurance coverage to Plaintiff from September 27, 2019 to September 27, 2020. (Dkt. No. 1-1 at 3–4.) During this time, Plaintiff worked on renovating a house in Carnation, Washington. (*Id.*) The house belonged to Richard and Susan Lewis, who were also the owners of Plaintiff Flat Earth Excavation, LLC. (*Id.*) On or about December 19, 2019, while renovations were ongoing, the house collapsed. (*Id.* at 4.) In a February 10, 2020 letter, the Lewises submitted an insurance claim to Defendant. (Dkt. No. 12-

1.) The Lewises then negotiated the claim's value directly with Defendant, but those talks stalled, and Plaintiff filed the present action. (*See generally* Dkt. No. 1-1.) Defendant moves for summary judgment on all of Plaintiff's claims (Dkt. No. 10). In response, Plaintiff moves (a) to voluntarily dismiss its case as authorized by Federal Rule of Civil Procedure 41(a)(2) and/or (b) for a continuance of Defendant's motion under Federal Rule of Civil Procedure 56(d). (Dkt. Nos. 14, 15.)

The Court will grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant shows that it will suffer legal prejudice. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (*quoting Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). In this instance, the Court finds that Defendant has not shown legal prejudice, as prejudice from a voluntary dismissal at this stage would be minimal. Defendant only recently removed the case to this Court. (*See* Dkt. No. 1.) The Rule 26(f) conference has not yet occurred, nor has the Court set a trial date or discovery cut-off date. (*See* Dkt. No. 22.) While granting Plaintiff's motion may provide Plaintiff the opportunity to cure the procedural deficiency in its Washington Insurance Fair Conduct Act claim, this is not the type of prejudice Rule 41(a)(2) seeks to avoid; it is not an "attempt to avoid an adverse decision *on the merits*." *In re Sizzler Restaurants Int'l., Inc.*, 262 B.R. 811, 822 (C.D. Cal. 2001) (emphasis added).

For the reasons described above, Plaintiff's motion for voluntary dismissal (Dkt. No. 15) is GRANTED and Defendant's motion for summary judgment (Dkt. No. 10) and Plaintiff's Rule 56(d) request (Dkt. No. 14) are DENIED as moot. Accordingly, Plaintiff's complaint is DISMISSED without prejudice.

//
//
//
//

1 | DATED this 9th day of September 2021.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE